## Cook, Appellant, *v.* Matlack.

*Evidence—Cancellation of contract—Agreement signed by one party in possession of the other but unexecuted by the latter.*

On notice by plaintiff defendants produced a contract upon which was indorsed an agreement to cancel the contract, signed by the plaintiff. There was no evidence that this agreement of cancellation was ever assented to by the defendants, or that the agreement had ever been performed.

*Held,* that the agreement of cancellation was not admissible in evidence.

Argued March 15, 1892. Appeal, No. 85, Jan. T., 1892, by plaintiff, Samuel A. Cook, to the use of Samuel Jeanes, from judgment of C. P. Clinton Co., Sept. T., 1872, No. 102, on verdict for defendant, George S. Matlack, administrator of Philip Billmeyer, deceased, who was a member of the firm of Billmeyer, Nogel & Co. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Assumpsit on promissory note.

The note on which suit was brought was as follows :

" LEWISBURG, Pa., January 21, 1869.

" Four months after date we promise to pay to Samuel A. Cook, agent, $1,287, at the Union National Bank of Lewisburg, on contract for delivery of pine logs dated January 21, 1869.

" BILLMEYER, NOGEL & Co."

The defence relied upon was a failure on plaintiff's part to perform his contract. It appeared that a contract between the parties for the sale of logs by plaintiff to defendant was made December 3, 1868, and a second contract, the one referred to in the note, January 21, 1869. Plaintiff's contention was that the later contract supplied and took the place of the earlier ; defendant's, that they were independent agreements.

Plaintiff having given notice to defendant to furnish copies of papers that defendant intended to offer in evidence, it ap-

peared that upon the contract dated January 21, 1869, was the following indorsement:

" Upon the delivery of one hundred saw logs, marked S C in the boom at Flemington, in addition to those already delivered by Samuel A. Cook, we mutually agree to cancel and annul the within agreement and release all claims on the said Samuel A. Cook for any further delivery of logs under this agreement, and release all claims of every nature and kind under this agreement against the said Samuel A. Cook.

" SAM'L A. COOK."

Plaintiff's counsel offered this writing in evidence for the purpose of showing that this contract was performed by Cook, at least substantially to the satisfaction of Billmeyer, Nogel & Co., and that they released Cook from any further delivery of logs under the contract. This was objected to by defendants and excluded by the court. [1]

The court, MAYER, P. J., charged the jury, in part, as follows:

" Now, this whole case depends upon the determination of this question of fact by the jury, whether this second contract is an independent contract for the delivery of an additional million feet of logs, that is in addition to the logs which were to be delivered under the contract of December 3, 1868. If this note was given for the logs to be delivered under this contract of December 3, 1868, and that contract was merged in the contract of the 21st January, 1869, then we do not see any difficulty in the way of the plaintiff recovering the amount of the note and interest; but if from the evidence the jury believe there were two contracts, the contract of December 3, 1868, and the contract of January 21, 1869, and this note was given as an advance upon the contract of the 21st of January, 1869, then the plaintiff is not entitled to recover, because it does not appear and it is not claimed that any logs were delivered under the contract of the 21st of January, 1869 ; that is if you come to the conclusion that it was an additional contract to the contract of December 3, 1868, because all the logs which were delivered by Cook to Billmeyer, Nogel & Co. have been delivered under the contract of December 3, 1868."

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were, among others, (1) the rejection of

1892.]     Assignments of Error—Opinion of the Court.

the written indorsement upon the agreement of January 21, 1869, quoting the bill of exceptions ; (7) the portion of the charge above quoted.

*C. G. Furst, J. R. Youngman* with him, for appellant.

*T. C. Hipple, J. Merrill Linn* and *A. A. Leiser* with him, for appellee.

PER CURIAM, March 28, 1892:

We think the court below was right in rejecting the paper referred to in the first specification of error. It purports to be an agreement between Samuel A. Cook and Billmeyer, Nogle & Co., yet it is signed only by the said Cook. It is true it was found in the possession of the defendants, and produced by them upon notice. There was no evidence, however, that it was ever assented to by the defendants, and their possession of it implies no more than that it may have been sent to them for their consideration. Moreover, there was no evidence of the delivery of the saw logs referred to in the paper, and which would seem to be the consideration upon which the paper was based. An examination of the remaining assignments fails to disclose error.

Judgment affirmed.